### ROGERS *v.* McGAY *et al.*

*(Superior Court of New York City, General Term.    April 15, 1889.)*

CONTRACTS—VALIDITY.

    G., a party to an alleged contract, testified that he did not remember making it; that the signature did not seem to be his; that he remembered taking several drinks with the other party to the contract, who afterwards showed him the agreement, which, it appeared, G. never mentioned to his partner, who was interested in it.    *Held,* that a finding by the trial court that the contract was invalid would not be disturbed.

Appeal from special term.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*Hastings & Southworth*, for appellant McGay.    *James A. Deering*, for respondent.

DUGRO, J.    This is an appeal from a judgment in favor of plaintiff in an action brought to foreclose a lien for materials furnished to McGown & Hyde, contractors for the erection of a building belonging to James McGay, their codefendant in this action.    The main question to be determined in this case is the validity of an alleged agreement, made between the owner and the contractor McGown on October 8, 1884.    If this agreement is invalid, the judgment should not be disturbed.    I do not think that the agreement has been shown to be a binding one upon McGown.    The latter's testimony, to the effect that he knew nothing in relation to the making of the agreement; that he first knew of it when he had about finished the work; that the signature to it did not seem to be his; and his evidence, "*Question.* Do you recollect the fact, or the time, or any circumstances connected with the signing of that paper?    *Answer.* I recollect that I did not feel very well, and he took a bottle of whisky out of the closet and gave me three or four drinks, and that is about all I know, and afterwards he showed me this.    I have no recollections of it, myself,"—when considered with all the circumstances of the case, make it so I cannot but believe that he never consciously assented to the agreement claimed.    The circumstances which particularly impress me to this conclusion are that Hyde, McGown's partner, was not informed by McGown of the existence of the alleged agreement; that the services rendered, and the money advanced prior to October 8th, could not reasonably or fairly be considered to be worth an amount even approximating the $1,500 which the defendant McGay says he charged against McGown on October 8, 1884; that McGay had a disposition at times to ask contractors for an allowance to him of a commission for payment of McGown's orders upon him; that McGay, recognizing Hyde, who is not claimed to have been a drunkard, as interested in the contract, made the alleged agreement with McGown, of whom he says: "I went

to the work almost every day, and, the poor little fellow! [McGown,] I would find him lying drunk somewhere." The circumstances of the case, and the fact that, if McGown was drunk and unconscious of his actions on the 8th of October, he would naturally be unable to recollect what occurred, and that at the trial better opportunity existed for a determination of the amount of credit to be given the testimony of the various witnesses than now exist, make me unwilling to say that the learned trial judge erred substantially in making his fourteenth finding of fact. As the judgment should not be disturbed if this finding was properly made, it must be affirmed, with costs and disbursements. All concur.